**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4852**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LATRONE ANTONIO HICKS, a/k/a Tee, a/k/a FNU LNU,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge. (7:07-cr-01467-HFF-42)

Submitted:  November 30, 2010          Decided:  January 6, 2011

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy Ward Murphy, KOLB & MURPHY, LLC, Sumter, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Latrone Antonio Hicks of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). He was sentenced to 360 months' imprisonment. Hicks' appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating in his opinion there are no meritorious issues for appeal but raising the issues of whether sufficient evidence supports the jury's verdict and whether Hicks' sentence is reasonable. The Government has declined to file a responsive brief. Hicks has filed a pro se supplemental brief. We affirm.

"A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks

2

omitted).  We consider both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the Government's favor.  United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).  In resolving issues of substantial evidence, we do not reassess the factfinder's determination of witness credibility, see United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear."  United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).  We have reviewed the evidence introduced at trial and conclude that there is sufficient evidence to support the jury's verdict.  Accordingly, we affirm Hicks' conviction.

With respect to Hicks' sentence, we review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007).  This review requires consideration of both the procedural and substantive reasonableness of a sentence.  Id.  This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.  Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).  If

3

there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346–56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

We have thoroughly reviewed the sentencing transcript and the presentence report in this case, and conclude the district court properly calculated the Guidelines range, considered the relevant § 3553(a) factors, made an individualized assessment based on the facts presented, and adequately explained the reasons for the chosen sentence in open court, demonstrating that it had a reasoned basis for its decision. In imposing a 360-month sentence, the district court specifically considered Hicks was involved in a very large conspiracy and a very serious offense. The court noted a need to provide adequate deterrence and also to protect the public from crimes of the defendant. See Rita, 551 U.S. at 357 ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy

4

explanation."). We conclude the sentence was not procedurally unreasonable. Additionally, we conclude Hicks' within-Guidelines sentence is presumptively reasonable on appeal, see Rita, 551 U.S. at 346-56; United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008), and he has failed to rebut that presumption. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (stating presumption may be rebutted by showing sentence is unreasonable when measured against the § 3553(a) factors). Therefore, the sentence is substantively reasonable. See Go, 517 F.3d at 220.

In accordance with Anders, we have reviewed the entire record and Hicks' pro se supplemental brief, and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hicks, in writing, of his right to petition the Supreme Court of the United States for further review. If Hicks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hicks. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED